USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2209 MARK R. MERRIFIELD, Plaintiff, Appellant, v. JOHN DEMELLO, BARNSTABLE COUNTY SHERIFF, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Reginald C. Lindsay, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Mark R. Merrifield on brief pro se. __________________ Joan M. LeGraw, Robert S. Troy and Robert S. Troy and Associates, ______________ _______________ _____________________________ on brief for appellees, John DeMello, Barnstable County Sheriff's Dept., Robert A. O'Leary, John W. Doane, Victoria H. Lowell, and Barnstable County. John J. O'Brien, Jr. and Kirby, O'Brien & von Rosenvinge on brief _____________________ _______________________________ for appellees, Nancy Blanchard, Neil Nightingale and The Barnstable Police Department. Scott Harshbarger, Attorney General, and William J. Meade, __________________ __________________ Assistant Attorney General, on Motion to Dismiss Appeal or for Summary Affirmance and Memorandum of Law in Support for appellees, Philip Rollins and J. Thomas Kirkman. ____________________ June 18, 1997 ____________________ Per Curiam. Pro se appellant Mark Merrifield ___________ appeals from the district court's grant of summary judgment against him in his 42 U.S.C. 1983 suit against various local government defendants. After careful review of the record, we conclude that most of Merrifield's contentions on appeal lack merit. Accordingly, we affirm judgment in defendants' favor essentially for the reasons given in the district court's orders issued on December 19, 1995, and on July 2, 1996. However, we affirm dismissal of Merrifield's claims against Barnstable town police officer Nancy Blanchard for the reasons given below.  We note that the record gives rise to an isolated issue of fact as to whether sworn statements or affidavits _____ were submitted. The Fourth Amendment warrant clause is directed to sworn statements and it is not certain that sworn statements, either written or oral, were submitted in support of the arrest warrant which Officer Blanchard obtained and relied on in arresting Merrifield on September 17, 1992. But, for reasons that follow, we do not think any purpose would be served by a remand to explore this factual issue in further detail or to determine whether on the facts so found, a constitutional violation might exist (and, if so, whether any damages could be established). The reason why this is unnecessary is that the thrust of Merrifield's 1983 action is for malicious prosecution, not -2- merely for wrongful arrest. Merrifield asserts not just an absence of sworn affidavits to support the arrest warrant, but that the charges against him were "bogus", that the warrant was maliciously obtained, and that, in effect, it lacked any factual basis. A judgment in Merrifield's favor would consequently imply the invalidity of his subsequent conviction of the charges for which he was arrested. Accordingly, since Merrifield has not shown that his conviction has already been invalidated, his suit must be dismissed. See Heck v. Humphrey, 512 U.S. 477, 486 (1994) ___ ____ ________ (if judgment in a 1983 plaintiff's favor would necessarily imply the invalidity of his conviction, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated). We note that a dismissal under Heck is without prejudice. See Guzman-Rivera ____ _______ _________ ___ _____________ v. Rivera-Cruz, 29 F.3d 3, 6 (1st Cir. 1994). ___________ During the course of this action, the district court dismissed two defendants -- Clerk Magistrate Omer Chartrand and defense counsel John Biega -- without prejudice since they had never been served with process. We modify the judgment in their favor to be with prejudice since Merrifield ____ could not bring suit against them at all under 1983. Chartrand was absolutely immune for his decision to issue the arrest warrant. See Scott v. Dixon, 720 F.2d 1542, 1546 ___ _____ _____ (11th Cir. 1983), cert. denied, 469 U.S. 832 (1984); see also ____________ ___ ____ -3- Boyer v. City of Washington, 971 F.2d 100, 102 (8th Cir. _____ ___________________ 1992) (per curiam) (dictum); Torres Ramirez v. Bermudez _______________ ________ Garcia, 898 F.2d 224, 228 (1st Cir. 1990) (by implication). ______ Since defendant John Biega was appointed by the state court to defend Merrifield against the criminal charges against him, his actions did not constitute state action under 1983 and he could not be sued. See Polk County v. Dodson, 454 ___ ____________ ______ U.S. 312, 325 (1981). Affirmed. We modify the judgment of dismissal ___________________________________________________ against defendant Nancy Blanchard to be without prejudice and _____________________________________________________________ the judgment of dismissal against defendants Omer Chartrand _____________________________________________________________ and John Biega to be with prejudice.  ____________________________________ -4-